### SPITLER MOTOR CO. v. VOLMER.

Ohio Appeals, 3rd Dist., Hancock Co.

No. 229. Decided Jan. 27, 1928.

Judges Crow, Hughes & Justice.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**480. EVIDENCE—297 Contracts.**
In action on promisory note, growing out of trade of automobiles, evidence as to factory cost of cars and percentage of commission allowed to dealer held properly admitted as having bearing upon reasonableness of contract.

Error to Common Pleas.
Judment affirmed.

John E. Betts and C. M. Riegle, Findlay, for Motor Co.

Albert Zugschwart, Findlay, for Volmer.

FULL TEXT.

**HUGHES, J.**

This was an action brought by the plaintiff to recover a balance due on a promissory note given by the defendant to the plaintiff which had been negotiated to The Toledo Finance Company and afterwards paid by the plaintiff upon the refusal and failure of the defendant to pay. The note was given to secure the balance of the purchase price of an automobile which was afterwards traded by the defendant to the plaintiff for a higher priced car.

The claimed errors presented here, are:

First. The weight of the evidence;

Second. The charge of the court;

Third. The admission of evidence relative to the cost price and commissions on these respective cars, paid and received by the plaintiff.

Fourth. Newly discovered evidence.

The defendant and his wife testified positively that the deal for the new car was in consideration that he give the plaintiff his note for a thousand dollars and that the plaintiff accept his used car and assume the payment of the balance that was due thereon, represented by the note sued on. There was much more evidence adduced by the plaintiff in conflict with this theory, but under the principle announced in the case of Dean v. King, 22 O. S. 118 at 134, and kindred cases, the judgment cannot be reversed upon this error presented.

We have carefully read the charge and find no error therein. In fact, in our judgment the charge is concise and very admirable.

The defendant was permitted to inquire of the plaintiff regarding the factory cost of these two cars, and the percentage of commission he was allowed on them by the factory, over the objection of the plaintiff.

We see no error in permitting this line of evidence to go to the jury. The defendant was entitled to show these facts, they having a bearing upon the reasonableness of the contract defendant claimed to have entered into with the plaintiff.

The question raised on newly discovered evidence cannot be considered for the reason that what was offered in evidence upon this ground for new trial, is not brought upon the record by bill of exceptions or otherwise.

35 O. S. 177 at 184. 12 C. C. 679.